STATE, HENRY WAHRMAN, PROSECUTOR, v. BARTLEY HORAN.

1. On *certiorari* removing judgment in a court for the trial of small causes, affidavits are not admissible in the first instance to show what facts appeared before the justice.
2. Where defendant appears at the trial, and the justice has jurisdiction of the cause, appeal is the only remedy.

On *certiorari* to justice's court.

Argued at June Term, 1884, before Justices KNAPP, DIXON and PARKER.

For the prosecutor, *Buchanan & Belden.*

The opinion of the court was delivered by

KNAPP, J.   The return to this writ is the transcript of a justice of the peace, showing a cause instituted before him on the 25th of August, 1883, by Bartley Horan, the defendant in *certiorari,* against Henry Wahrman, the plaintiff, for debt, demanding $5.   By that transcript it appears summons was issued, made returnable at a legal time, returned by the constable with an endorsement upon it indicating a proper service.   On the return-day the plaintiff appeared, filed his state of demand ; the cause was adjourned twice, and on the trial-day the defendant appeared by his attorney, witnesses were sworn on the part of the plaintiff, some documentary evidence was offered, no evidence was offered on the part of the defendant.   The justice gave judgment for $5 debt, together with costs of suit.

The state of demand filed counted upon money had and received by the defendant for the use of the plaintiff, which he promised to pay.   We have not been furnished with any agreed state of the case, and the justice has not been called upon to certify the facts found by him.   Some testimony was

taken before a commissioner of this court, which discloses to some extent the particulars of the controversy between the parties before the justice, and that the defendant, when the cause was called, objected to the jurisdiction of the justice and to the testimony of each witness as he was produced by the plaintiff.

It is needless to cite cases to prove a rule so familiar as that which excludes the use of affidavits taken under circumstances like these were, and for the purposes they were designed to accomplish. They are only admissible when a case cannot be agreed upon, or the justice fails or refuses to certify required facts. Regarding the case, then, as it stands by the record, the statute seems to be a bar to the plaintiff's right to have this writ. *Rev.*, *p.* 556, § 95. An appeal to the appropriate appellate court was his only legal remedy if he felt aggrieved by the judgment.

But the plaintiff has assigned a reason which, if true, would give him standing in this court. He alleges that the justice had no jurisdiction to try the cause, but I see nothing in the case to support this reason. The court for the trial of small causes has jurisdiction of such an action. It is a case of debt, and for an amount within its cognizance. Whether the proofs were sufficient to sustain the judgment that was rendered is another and very different question. I doubt exceedingly that they were so, from what appears by the affidavits to have been the ground of the claim. But it is a question that we cannot here determine. If the affidavits taken set forth correctly the facts as they appeared before the justice on the trial of the cause, while it cannot be said that he had not jurisdiction of such a cause, it is probably true that the plaintiff should have been non-suited or the judgment of the court should have been the other way, but, as we have already remarked, relief against this error in judgment was by appeal only ; it cannot be remedied in this court on *certiorari*.

The writ must be dismissed, with costs.